**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 24-cv-00930-NYW-KAS

ANNA CECILIA MARIE SLAYTON,

    Plaintiff,

v.

BAYFIELD SCHOOL DISTRICT,

    Defendant.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AND ORDER TO SHOW CAUSE

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathryn A. Starnella issued on December 4, 2024. [Doc. 31 (the "Recommendation")]. On August 2, 2024, Defendant Bayfield School District ("Defendant" or "Bayfield") filed Defendants' [sic] Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (ECF 19) (the "Motion to Dismiss"). [Doc. 25]. Judge Starnella recommends that the Motion to Dismiss be granted and Plaintiff's Amended Complaint be dismissed with prejudice for failure to file within the applicable 90-day filing deadline. [Doc. 31 at 11].

Plaintiff Anna Cecilia Marie Slayton ("Plaintiff" or "Ms. Slayton") has objected to the Recommendation, [Doc. 32], and Defendant has responded, [Doc. 33]. For the reasons

set forth in this Order, Plaintiff's objections are respectfully **OVERRULED** and the Recommendation is **ADOPTED**.[1]

## LEGAL STANDARDS

### I. Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

---

[1] Although the Motion to Dismiss is filed by "Defendants Bayfield School District[], Leon Hanhardt, Bill Hesford, Sam Hogue, Amber Connet, Willie Machallister, Jan Alderton, and Gayle Dupree," [Doc. 25 at 1]; concedes that the "Amended Complaint adds seven individual Bayfield employees as defendants," [*id.* at 13]; and argues that "the addition of these new defendants is improper," [*id.*], the Court also notes that the Motion asks that the Court "find in the District's favor and dismiss Plaintiff's Amended Complaint with prejudice," [*id.* at 2 (emphasis added)]. The Court also notes that the Recommendation considers the Motion to Dismiss only in the context of Plaintiff's claims against Bayfield, insofar as Judge Starnella concludes that the "[additional] defendants are not yet proper parties." [Doc. 31 at 3 n.2]. The Court's Order adopting the Recommendation, granting Bayfield's Motion to Dismiss; and dismissing Plaintiff's claims against Bayfield with prejudice is expressly limited to Plaintiff's claims against Defendant Bayfield School District—the only properly served Defendant in this case. *See* [Doc. 8]. The Court addresses the "Additional Defendants" named in the body of Plaintiff's Amended Complaint in the Court's Order to Show Cause, *infra*.

2

**II.     Rule 12(b)(6)**

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quotation omitted). The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

**III.    Pro Se Filings**

Because Ms. Slayton proceeds pro se, the Court affords her filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as her advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

**BACKGROUND**

The background of this case is set forth in Judge Starnella's Recommendation, *see* [Doc. 31 at 2–4], and the Court repeats it here only as necessary to resolve Plaintiff's objections. Ms. Slayton previously worked as a paraprofessional for Bayfield during the 2022–23 school year. [Doc. 19 at 5 ¶ 1]. She claims she suffered two "episodes" relating to her bipolar I disorder in February and May 2023, respectively. [*Id.* at ¶¶ 2–3]. With

3

respect to her first episode in February 2023, Ms. Slayton alleges that Bayfield "accommodated her disability," helped her "work through the problem" with a school counselor, and "made room for her to get the proper help needed without incident." [*Id.* at ¶ 2]. After her second episode on May 3, 2023, however, Ms. Slayton claims that her supervisor submitted a resignation letter on Ms. Slayton's behalf and, by the time Ms. Slayton informed the "district office" that "she did not intend to resign and asked for her job back," human resources had already processed her resignation. [*Id.* at ¶ 3]. A Bayfield human resources manager informed Ms. Slayton that she was no longer a Bayfield employee and would need to reapply for the next school year. [*Id.*].

Ms. Slayton also alleges that Bayfield subsequently "retaliated against her" through her children and fiancé by "faking a photo of [her] nine year old son, a child with an autism diagnosis," and submitting this photo "as an abuse allegation against [her] fiancé." [*Id.* at ¶ 4]. According to Ms. Slayton, this occurred too close in proximity to her termination "to be anything other than retaliation as there never was any basis for a claim [of abuse]." [*Id.*].[2]

On December 13, 2023, Ms. Slayton filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").[3] [*Id.* at 9]. The EEOC issued Ms. Slayton a "right to sue" letter two weeks later. [*Id.* at 12]. On March 21, 2024—i.e., within 90 days of receiving the EEOC's right to sue letter—Ms. Slayton mailed a copy

---

[2] Consistent with the principle of construing a pro se litigant's filings liberally, the court quotes from Ms. Slayton's filings without the use of [sic] or the correction of spelling or syntax.

[3] While Ms. Slayton's Amended Complaint asserts claims for both discrimination and retaliation, her charge of discrimination filed with the EEOC addresses only the former. *See* [Doc. 19 at 9].

4

of her initial complaint to the District Court for Denver County, Colorado. [*Id.* at 7]. The Denver District Court rejected the filing and instructed Ms. Slayton to file in the United States District Court for the District of Colorado. [*Id.* at 13]. The Clerk of Court for this District received and docketed Ms. Slayton's initial complaint on April 5, 2024, more than 90 days after the EEOC issued Ms. Slayton's right to sue letter. [*Id.*]; see also [Doc. 1].

Ms. Slayton asserts two Americans with Disabilities Act ("ADA") claims against Bayfield for discrimination and retaliation, respectively. [Doc. 19 at 5–6]. On August 2, 2024, Bayfield moved to dismiss the Amended Complaint, arguing that Ms. Slayton filed her original complaint more than 90 days after receiving her right to sue letter from the EEOC and fails to state a claim under Rule 12(b)(6). *See generally* [Doc. 25]. Judge Starnella recommends that this Court grant the Motion to Dismiss, [Doc. 31 at 1], and Plaintiff objects to the Recommendation, [Doc. 32]. On December 20, 2024, Defendant responded to Plaintiff's objections. [Doc. 33].

## ANALYSIS

Judge Starnella recommends that the Motion to Dismiss be granted because the untimeliness of Ms. Slayton's filing is apparent from the face of her Amended Complaint, Plaintiff admits that she filed this lawsuit outside of the applicable 90-day filing deadline, and Plaintiff fails to show that equitable tolling of that deadline is warranted. [Doc. 31 at 7–11].

**Exhaustion of Administrative Remedies.** An individual who seeks to bring claims against an employer for discrimination or retaliation in the workplace in violation of the ADA must exhaust their administrative remedies. *Cf. Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018); *EEOC v. Waffle House, Inc.*, 534 U.S. 279,

5

285 (2002) (stating that, in the context of the EEOC's enforcement of the ADA's prohibitions against employment discrimination on the basis of disability, "Congress has directed the EEOC to exercise the same enforcement powers, remedies, and procedures that are set forth in Title VII").  Once a plaintiff has exhausted her administrative remedies and received a right to sue letter, she must file suit within 90 days by statute.  42 U.S.C. § 2000e-5(f)(1); *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984); *Hewlett v. McCauley Constrs. Inc.*, No. 18-cv-02766-NYW, 2019 WL 1897641, at *2–3 (D. Colo. Apr. 26, 2019).  This provision, equivalent to a statute of limitations, is "strictly enforced" absent equitable tolling, waiver, or other affirmative defense to enforcement, and even a relatively trivial delay will justify dismissal.  *Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996) (affirming summary judgment on complaint filed four days after 90-day window); *Stapleton v. Saint Francis Hosp., Inc.*, No. 10-cv-00806-CVE-FHM, 2011 WL 4608329, at *3 (N.D. Okla. Sept. 30, 2011) (granting summary judgment on complaint filed seven days after 90-day window).

   ***Equitable Tolling.***  The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") endorses equitable tolling of procedural deadlines only where circumstances "rise to the level of active deception which might invoke the powers of equity to toll the limitations period," or where "a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights."  *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (quotations omitted); *see also* [Doc. 31 at 8–10 (citing and applying *Montoya*, 296 F.3d at 957)].

   ***Plaintiff's Objections.***  Plaintiff objects to Judge Starnella's Recommendation and appears to assert two arguments in support of equitable tolling of the 90-day deadline.

6

[Doc. 32 at 1]. First, Ms. Slayton argues that she was not able to timely file her initial complaint for medical reasons. [*Id.*]. As Bayfield points out, however, Ms. Slayton did not raise this argument before Judge Starnella. *See generally* [Doc. 29]; *see also* [Doc. 33 at 3]. Arguments that are raised for the first time in an objection to a magistrate judge's recommendation—like Ms. Slayton's argument that medical treatments contributed to the untimeliness of her initial complaint—are generally deemed waived, and the Court will not address them. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). In addition, the Uniform Civil Practice Standards make clear that the Court disfavors the consideration of arguments not made to the magistrate judge. NYW Civ. Practice Standard 72.3(b). Where the objecting party seeks to make arguments or introduce exhibits that were not raised before the magistrate judge, such party must expressly identify those arguments and/or exhibits and explain why such omitted arguments and/or exhibits should be considered, in the first instance, upon objection. *See id.* Ms. Slayton does not comply with this Uniform Civil Practice Standard, and this Court cannot make arguments on her behalf, *see Hall*, 935 F.2d at 1110, or excuse her from complying with procedural requirements simply because she proceeds without an attorney, *see Murray*, 312 F.3d at 1199 n.3.

Second, Ms. Slayton repeats her argument that she was unable to comply with the 90-day deadline because she misdirected her first filing to the Denver District Court on the advice of a clerk. [Doc. 32 at 1]. Judge Starnella considered and rejected this argument in the Recommendation. *See* [Doc. 31 at 9 ("Plaintiff's mistake in sending her Complaint . . . to the wrong court—when the correct court was clearly identified on the very first page of the document—was not caused by active deception or extraordinary

7

circumstances."); *id.* at 10 ("Plaintiff has not shown that her conversations with . . . Denver District Court staff . . . involved active deception, lulled her into inaction, or actively misled her in some extraordinary way." (citing *Montoya*, 296 F.3d at 957))]. Having considered the issue de novo, the Court respectfully concurs with the Recommendation's substantive analysis and overrules the objection. Ms. Slayton has not shown that equitable tolling of her deadline to initiate this lawsuit is warranted under the circumstances.

In sum, the Court agrees with Judge Starnella that Plaintiff's initial complaint was filed beyond the applicable 90-day deadline and Plaintiff has failed to demonstrate that equitable tolling is warranted. Accordingly, the Court will **OVERRULE** Plaintiff's objections, **ADOPT** Judge Starnella's Recommendation, **GRANT** the Motion to Dismiss, and **DISMISS** Plaintiff's Amended Complaint as asserted against Defendant Bayfield School District **with prejudice**. *See, e.g.*, *VanHorn v. USPS*, No. 21-cv-01067-DDC-GEB, 2022 WL 226276, at *5 (D. Kan. Jan. 26, 2022) (claims filed after 90-day deadline properly dismissed with prejudice "[b]ecause those claims are untimely and plaintiff can't assert them again"); *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1271 (10th Cir. 2001) (finding that dismissal of a claim as untimely filed is effectively a dismissal with prejudice because "any attempt by [the plaintiff] to refile her claims . . . would be out of time").

## ORDER TO SHOW CAUSE

Finally, notwithstanding Plaintiff's lack of objection on the issue, the Court considers Judge Starnella's conclusion that the "Additional Defendants" listed in Plaintiff's Amended Complaint are "not yet proper parties" because Plaintiff (1) "did not add these putative defendants to the case caption," and (2) failed to clearly allege "what each

8

individual defendant did." *See* [Doc. 31 at 3 n.2]. Considering the Court's liberal construction of a pro se party's filings, the Court respectfully disagrees that Plaintiff's failure to identify the putative Additional Defendants in the caption of her Amended Complaint and/or the fact that Plaintiff's "allegations render unclear what each individual did," [*id.*], necessarily means that these Additional Defendants are not proper parties in this case, *see, e.g.*, *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244 (10th Cir. 2007) ("[I]n a pro se case when . . . the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are."); *Sheridan v. United States*, 214 F. App'x 857, 859 (10th Cir. 2007) ("[T]he district court should have construed Mr. Sheridan's pro se complaint as he appears to have intended it: as an action against the New Mexico state and county officials described in the complaint."). "It has been held a party not properly named in the caption of a complaint may still be properly before the court if the allegations in the body of the complaint make it plain the party is intended as a defendant." *Mitchell v. Maynard,* 80 F.3d 1433, 1441 (10th Cir. 1996).

Here, in the "Additional Defendants" portion of the "Statement of Claims" section of Plaintiff's Amended Complaint, Plaintiff alleges that the

> following individuals are being added to this complaint in their individual <u>and</u> professional capacities[:] Leon Handhardt (Superintendent), Bill Hesford (Vice Superintendent), Sam Hogue (Director of Human Resources), Amber Connet (Intermediate School Principal), Willie Machallister (Intermediate School Vice Principal)[,] Jan Aldereton (Primary School Principal)[,] Gayle Dupree (Exceptional Student Services Teacher)[.] [Additional Defendants Handhardt, Hesford, and Hogue] were responsible for resigning my position with the school. [Additional Defendants Connet and Machallister] worked for youngest son's school that was behind the falsified photo handed over to human services. [Additional Defendant] Dupree typed up a resignation letter in the presence of [Additional Defendant] Aldereton, who was there when the resignation took place.

[Doc. 19 at 4 ¶ 5 (emphasis added)].  Reading this contention liberally, the Court finds that the foregoing allegations "make it plain" that the Additional Defendants are "intended as . . . defendant[s]."  *See Mitchell,* 80 F.3d at 1441; *see also Eller v. Tonche*, No. 15-cv-02693-REB-MEH, 2018 WL 1316978, at *6 (D. Colo. Mar. 14, 2018) ("[T]he body of the Complaint asserts claims against [two individuals].  Indeed, [plaintiff] refers to [these two individuals] as '[d]efendants.'  This is sufficient to allege claims against [the two individuals]." (citing *Mitchell*, 80 F.3d at 1441)).

However, individual defendants may not be held liable for discrimination or retaliation in violation of the ADA.  *See Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 744 (10th Cir. 1999).  And to the extent that these individuals are sued in their official capacities, the real party of interest is the Bayfield School District.  *See Lewis v. Four B Corp.*, 211 F. App'x 663, 665 n.2 (10th Cir. 2005).  Finally, there is no indication that there are any claims against these individuals that are distinct from Ms. Slayton's claims against Bayfield School District.  *See generally* [Doc. 19].  Indeed, these individuals are not expressly identified in Plaintiff's Charge of Discrimination.  [*Id.* at 9].  Instead, it appears that these individuals are being added based on their alleged involvement in the "chain of command and structure of the Bayfield School District."  [*Id.* at 6 ¶ 5].[4]

Accordingly, on or before **April 5, 2025**, Plaintiff is **ORDERED** to **SHOW CAUSE** in writing as to why her claims against the Additional Defendants named in her Amended

---

[4] Even if Plaintiff's Amended Complaint could be read to assert viable claims against the individual Additional Defendants separate from those against Bayfield School District, it does not appear that any of the individual Additional Defendants have been served as required by Rule 4(m) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Complaint, see [Doc. 19 at 4 ¶ 5], should not be dismissed with prejudice.  **If Plaintiff does not respond to this Order to Show Cause, the Court will close this case without further warning**.

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Plaintiff's "Resonse to Report and Recommendations" [Doc. 32] is **OVERRULED**;

(2) The Recommendation of United States Magistrate Judge Kathryn A. Starnella [Doc. 31] is **ADOPTED**;

(3) Defendant Bayfield School District's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (ECF 19) [Doc. 25] is **GRANTED**;

(4) Plaintiff's Amended Complaint [Doc. 19], as asserted against Defendant Bayfield School District, is **DISMISSED with prejudice**, and Defendant Bayfield School District is **DISMISSED** from this case;

(5) On or before **April 5, 2025**, Plaintiff shall **SHOW CAUSE** as to why her claims against the Additional Defendants named in her Amended Complaint should not be dismissed with prejudice; and

(6) The Clerk of Court shall **MAIL** a copy of this Order to:

> Anna Cecilia Marie Slayton
> 1635 Foxfire Road
> Bayfield, Colorado 81122

11

DATED:  March 17, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge